THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21149-CV-UNGARO/TORRES

| | |
|---|---|
| JENNIFER KOSINSKI, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SQUARE ONE ENTERTAINMENT, INC., a Florida corporation, and OFFER VINCE SHLOMI, a/k/a VINCE OFFER, a/k/a VINCE SHLOMI, an individual, | ) ) ) ) ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

Defendants Square One Entertainment, Inc. and Offer Vince Shlomi, a/k/a Vince Offer, a/k/a Vince Shlomi ("Defendants"), hereby answer Plaintiff's Amended Complaint as follows:

1. Paragraph 1 of the Amended Complaint does not allege specific facts calling for a response from Defendants.

2. Defendants deny the allegations of Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations of Paragraph 3 of the Amended Complaint.

4. Defendants are without knowledge of sufficient facts to admit or deny the state of Plaintiff's current residence and therefore denies that allegation of

Paragraph 4 of the Amended Complaint. Defendants admit the remaining allegations of Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Amended Complaint with regard to Square One, except that they deny that Square One was Plaintiff's employer "at all material times" and deny that Square One is a Florida corporation.

6. Defendants admit the allegations of Paragraph 6 of the Amended Complaint.

7. Defendants admit that some of the allegations of Paragraph 7 of the Amended Complaint describe acts and omissions that allegedly occurred in the Southern District of Florida, but deny that such acts or omissions occurred at all.

8. Defendants admit the personal jurisdiction of the Court alleged in Paragraph 8 of the Amended Complaint.

9. Defendants admit the subject matter jurisdiction of the Court and that venue is proper, but they otherwise deny the allegations of Paragraph 9 of the Amended Complaint.

10. Defendants are without knowledge of sufficient facts to admit or deny the allegations of Paragraph 10 of the Amended Complaint and therefore deny same.

11. Paragraph 11 of the Amended Complaint states legal conclusions which Defendants are not required to admit or deny. Defendants deny any factual allegations in this Paragraph.

12. Defendants admit the allegations of Paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations of Paragraph 13, except that they deny the gratuitous reference to a "failed" movie.

14. Defendants admit the allegations of Paragraph 14 of the Amended Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations of Paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations of Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Amended Complaint.

21. Defendants admit that Square One initially paid Plaintiff $2,000 per month, but otherwise deny the allegations of Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Amended Complaint.

-4-

23. Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Amended Complaint.

32. Defendants admit the first two sentences of Paragraph 32 of the Amended Complaint but are without sufficient knowledge to admit or deny the last sentence of that Paragraph.

33. Defendants admit the allegations of Paragraph 33 of the Amended Complaint.

-5-

34. Defendants deny the allegations of Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Amended Complaint.

36. Defendants admit the allegations of Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Amended Complaint.

-7-

56. Defendants repeat and reincorporate their answers to paragraphs 1-55 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint does not state a factual allegation calling for a response.

58. Defendants admit the allegations of Paragraph 58 of the Amended Complaint.

59. Defendants admit the allegations of Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Amended Complaint.

65. Defendants are without personal knowledge of the allegations of Paragraph 65 of the Amended Complaint.

66. Defendants repeat and reincorporate their answers to paragraphs 1-65 of the Amended Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Amended Complaint.

72. Defendants repeat and reincorporate their answers to paragraphs 1-71 of the Amended Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations of Paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Amended Complaint.

80. Defendants deny that Plaintiff is entitled to any of the relief requested in her Prayers for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state claims upon which relief may be granted.

### Second Affirmative Defense

One or both Defendants were not Plaintiff's "employer" within the meaning of the Fair Labor Standards Act (FLSA) during all or part of the time during which the allegations of the Amended Complaint are claimed to have occurred.

### Third Affirmative Defense

Plaintiff was not Defendants' "employee" within the meaning of the FLSA during all or part of the time during which the allegations of the Amended Complaint are claimed to have occurred.

### Fourth Affirmative Defense

Plaintiff was properly compensated for all hours worked.

### Fifth Affirmative Defense

Plaintiff was properly compensated for all hours worked in excess of forty hours in any particular workweek.

### Sixth Affirmative Defense

To the extent that she was employed by Defendants, Plaintiff was exempt from overtime pay under the domestic service exemption of the FLSA, 29 U.S.C. § 13(b)(21).

### Seventh Affirmative Defense

Defendants acted at all times in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor in attempting to comply with their obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

### Eighth Affirmative Defense

Without assuming any liability, Defendants are entitled to an offset against any amounts due (which are denied), in an amount equal to the amount Defendants paid, or overpaid, the Plaintiff. In particular, Defendants are entitled to an offset for meals, lodging and other facilities that were provided to Plaintiff.

### Ninth Affirmative Defense

The time for which Plaintiff seeks compensation over and above what she was paid is *de minimus*.

### Tenth Affirmative Defense

The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

### Eleventh Affirmative Defense

Plaintiff has failed to mitigate her alleged damages.

### Twelfth Affirmative Defense

Some of the activities or time for which Plaintiff seeks compensation were not "work" and were not compensable within the meaning of the FLSA.

### Thirteenth Affirmative Defense

Defendants did not subject Plaintiff to any harmful, offensive, and unwanted touching within the meaning of civil battery.

### Fourteenth Affirmative Defense

Without admitting that any touching occurred, Plaintiff is not entitled to relief under her claim of civil battery because Plaintiff consented, either expressly or impliedly, to any alleged touching and/or initiated it herself.

### Fifteenth Affirmative Defense

Plaintiff is not entitled to relief under her claim of intentional infliction of emotional distress because the Defendants did not engage in intentional or reckless behavior with the knowing intention of causing Plaintiff severe emotional distress.

### Sixteenth Affirmative Defense

Defendants did not intentionally engage in conduct towards Plaintiff that was so outrageous as to go beyond all bounds of decency and to be regarded as odious and utterly intolerable in a civilized society, within the meaning of Florida's definition of intentional infliction of emotional distress.

### Seventeenth Affirmative Defense

Defendants' conduct towards Plaintiff did not cause her any severe emotional distress.

### Eighteenth Affirmative Defense

The Amended Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel and/or unclean hands.

### Nineteenth Affirmative Defense

The Amended Complaint, or portions thereof, is barred by the doctrine of laches.

### Twentieth Affirmative Defense

Plaintiff has not suffered any actual damages and is not entitled on the law or the facts as alleged to punitive damages.

### Twenty-first Affirmative Defense

Plaintiff has filed the Amended Complaint in bad faith, for an improper purpose and with malicious intent, and without evidentiary or legal support, entitling Defendants to seek award of their attorneys fees at the conclusion of this case.

**Reservation of Rights**

Defendants hereby give notice that they intend to rely on such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defense.

Dated: May 13, 2011        Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By:    /s/ Herman J. Russomanno III
       Herman J. Russomanno (Fla. Bar No. 240346)
       hrussomanno@russomanno.com
       Herman J. Russomanno III (Fla. Bar No. 21249)
       herman2@russomanno.com

       Maurice Baskin, Esq. (*pro hac vice to be filed*)
       Venable LLP
       575 7th Street N.W.
       Washington D.C. 20004-1601
       (202) 344-4823 (ph)
       (202) 344-8300 (fax)

       *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           /s/ Herman J. Russomanno III